**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANDREA L. TAVERAS-DAMASCENO,

     Plaintiff,

v.                                                                          Case No. 8:26-cv-94-TPB-CPT

DIRECTOR, USCIS, et al.,

     Defendants.

_____/

## <u>ORDER DISMISSING CASE FOR LACK OF JURISDICTION</u>

This matter is before the Court *sua sponte*.  After reviewing the petition for writ of mandamus and supporting exhibits (Doc. 1), court file, and record, the Court finds as follows:

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

Plaintiff Andrea L. Taveras-Damasceno – a United States citizen – seeks to compel final agency action that she alleges has been unlawfully withheld and unreasonably delayed with respect to the adjudication of a form I-130 parole in place application submitted in the name of her spouse, Jose Henrique Damasceno.

She specifically challenges the pace at which Defendants are processing the form I-130 application, which she contends has been pending for over 400 days.

As an initial matter, it appears that Plaintiff Andrea L. Taveras-Damasceno is not the real party in interest. The exhibits to the petition show that the form was submitted in Jose Henrique Damasceno's name, not Plaintiff's name. She also fails to articulate a sufficient basis to establish Article III standing.

Even if Plaintiff were a proper party and had standing, the Court would still not grant relief. Courts within the Eleventh Circuit have divided on the question of whether there is a jurisdictional basis to review these unreasonable delay cases. *See Hasan v. Wolf*, No. 1:20-CV-03831-JPB, 2021 WL 3360133, at *2 (N.D. Ga. July 23, 2021). Upon careful consideration, the Court finds that Plaintiff's claims are not reviewable. "[N]either the [Administrative Procedure Act] nor the Mandamus Act provides jurisdiction over a claim that an agency failed to take a discretionary action." *Id.,* at *3. The pace of adjudication of an immigration petition such as a parole in place petition is "statutorily committed to the discretion of the Secretary [of Homeland Security], and by extension, [United States Citizenship and Immigration Services]." *See id*. (citations omitted). Because Defendants are not legally required to adjudicate Plaintiff's form I-130 application within a specific time frame, the Court lacks subject matter jurisdiction over Plaintiff's claims.

The Court additionally notes that the facts of this case do not appear to present any extreme delay necessary to show that Defendants are refusing to act on the application. In the context of other types of immigration status applications,

courts have found much longer delays reasonable. *See, e.g.*, *Qureshi v. Napolitano*, No. C-11-05814-YGR, 2012 WL 2503828, at *4 (N.D Cal. June 28, 2012) (collecting cases finding delays of four years or less to be reasonable).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

(2) The Clerk is directed to terminate any pending deadlines and motions, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of January, 2026.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE